**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

SUZANNA BOWLING, individually and on behalf of all others similarly situated,

Plaintiff,

v.

JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,

Defendant.

Case No. 1:17-cv-03982-AJN

**DEFENDANTS JOHNSON & JOHNSON AND McNEIL NUTRITIONALS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT COLIN WEIR**

Dated: September 20, 2018

**O'MELVENY & MYERS LLP**

Richard B. Goetz (*Pro Hac Vice*)
Carlos M. Lazatin (*Pro Hac Vice*)
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
rgoetz@omm.com
clazatin@omm.com

Hannah Y. Chanoine
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
hchanoine@omm.com

*Counsel for Defendants Johnson & Johnson and McNeil Nutritionals, LLC*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................ 1

II. LEGAL STANDARD ........................................................ 3

III. ARGUMENT ........................................................ 3

[REDACTED]

[REDACTED]

[REDACTED]

IV. CONCLUSION ........................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amorgianos v. AMTRAK*,
303 F.3d 256 (2d Cir. 2002)....................3

*Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*,
920 F. Supp. 2d 475 (S.D.N.Y. 2013)....................7

*Bouygues Telecom, S.A. v. Tekelec*,
472 F. Supp. 2d 722 (E.D.N.C. 2007)....................5

*Cincinnatus Partners I, LP v. Farm Bureau Prop. & Cas. Ins. Co.*,
2014 WL 12748899 (S.D. Ohio May 28, 2014) ....................9

*Columbia Grain, Inc. v. Hinrichs Trading*,
LLC, 2015 WL 6675538 (D. Idaho Oct. 30, 2015) ....................7

*In re ConAgra Foods, Inc.*,
90 F. Supp. 3d 919 (C.D. Cal. 2015) ....................5, 6

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)....................3, 6

*F.H. Krear & Co. v. Nineteen Named Trs.*,
810 F.2d 1250 (2d Cir. 1987)....................5

*Hartle v. Firstenergy Generation Corp.*,
7 F. Supp. 3d 510 (W.D. Pa. 2014)....................5

*Jones Creek Investors, LLC v. Columbia Cty., Ga.*,
2013 WL 12141348 (S.D. Ga. Dec. 23, 2013) ....................10

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)....................3

*Price v. Fox Entm't Grp., Inc.*,
499 F. Supp. 2d 382 (S.D.N.Y. 2007)....................5

*Royal Park Invs. SA v. Wells Fargo Bank, N.A.*,
2018 U.S. Dist. LEXIS 9087 (S.D.N.Y. Jan. 10, 2018) ....................3

*Schwartz v. Fortune Magazine*,
193 F.R.D. 144 (S.D.N.Y. 2011) ....................9

## TABLE OF AUTHORITIES

**Page(s)**

*Scott v. Chipotle Mexican Grill, Inc.*,
315 F.R.D. 33 (S.D.N.Y. 2016) ....................3, 9, 10

*Shapiro v. Art Leather, Inc. (In re Connolly N. Am., LLC)*,
398 B.R. 564 (Bankr. E.D. Mich. 2008) ....................10

*Tunis Bros. v. Ford Motor Co.*,
124 F.R.D. 95 (E.D. Pa. 1989) ....................5

*United States v. Madison*,
226 F. App'x. 535 (6th Cir. 2007) ....................10

*United States v. Williams*,
506 F.3d 151 (2d Cir. 2007) ....................3

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
45 F. Supp. 3d 724 (N.D. Ohio 2014) ....................7

**Rules**

Fed. R. Evid. 702 ....................9

**MEMORANDUM OF LAW**

## I. INTRODUCTION

2



[redacted]

## II. LEGAL STANDARD

Expert testimony submitted in support of class certification is subject to "*Daubert*'s rigorous standards insofar as that testimony is relevant to the Rule 23 class certification analysis." *Royal Park Invs. SA v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 9087, at *10 (S.D.N.Y. Jan. 10, 2018) (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 55 (S.D.N.Y. 2016)); *see also generally Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Under *Daubert* and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), this Court has a "'gatekeeping' function under Rule 702,' under which [it is] 'charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Amorgianos v. AMTRAK*, 303 F.3d 256, 265 (2d Cir. 2002) (quoting *Daubert*, 509 U.S. at 597). "[T]he proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied." *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007).

## III. ARGUMENT

### A. [redacted]

[redacted]

[redacted]

4

[redacted] *See, e.g.*, *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1258 (2d Cir. 1987) (affirming district court's exclusion of expert testimony as cumulative where at least four other witnesses testified on the same subject); *Price v. Fox Entm't Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007) (excluding expert testimony where there was "substantial overlap between the reports and there is absolutely no need for both experts to testify"); *Bouygues Telecom, S.A. v. Tekelec*, 472 F. Supp. 2d 722, 729 (E.D.N.C. 2007) (wholesale adoption of the opinion of another expert is not "within the intent of Fed. R. Evid. 702"). [redacted] *See, e.g.*, *F.H. Krear & Co.*, 810 F.2d at 1258; *Hartle v. Firstenergy Generation Corp.*, 7 F. Supp. 3d 510, 525–26 (W.D. Pa. 2014) (excluding expert opinion where it "amounts to vouching for [another expert] and is cumulative to [that expert's] testimony); *Tunis Bros. v. Ford Motor Co.*, 124 F.R.D. 95, 98 (E.D. Pa. 1989) ("Merely to have partisan experts appear to vouch for previous experts violates Fed. R. Evid. 403 and would needlessly present cumulative evidence, waste time, and mislead the jury.").

In *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 949–52 (C.D. Cal. 2015), for example, an expert tried to vouch for another expert's proposed survey through a declaration in support of class certification. The court could not "credit her conclusory assertion that the methodology of the survey [was] reliable" because "she did not participate in designing or administering the survey." *Id.* at 951–52. [redacted]

[redacted]. *In re ConAgra,* 90 F. Supp. 3d at 951–52 (excluding expert's "conclusory assertion that the methodology of [another expert's] survey is reliable").

[redacted] *See, e.g.*, *Daubert*, 509 U.S. at 592–93 (the trial court must assess "whether the reasoning or methodology underlying the testimony is scientifically valid and [ ] whether that reasoning or methodology properly can be applied to the facts in issue."). [redacted].

[redacted]. *Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*, 920 F. Supp. 2d 475, 486–87, 500, 504 (S.D.N.Y. 2013) (recognizing that if the opinion of a loan underwriting expert were not admissible, the opinions of two other experts, who relied on her "defective loan findings" in performing statistical sampling and damages calculations, "would be irrelevant"); *see also In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 45 F. Supp. 3d 724, 747 (N.D. Ohio 2014) (holding expert's opinions "moot" to the extent that those opinions "merely evaluate[d] the work of other experts" that the court excluded). [redacted] *See, e.g.*, *Columbia Grain, Inc. v. Hinrichs Trading*, LLC, 2015 WL 6675538, at *4–5 (D. Idaho Oct. 30, 2015) ("To now allow testifying experts . . . to describe [an excluded witness's] opinions would be to allow through the back door testimony that could not enter through the front door.").

**B.** [redacted]

[redacted]

8



**C.**

Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 56 (S.D.N.Y. 2016) (citing *Schwartz v. Fortune Magazine*, 193 F.R.D. 144, 147 (S.D.N.Y. 2011)); *see also Cincinnatus Partners I, LP v. Farm Bureau Prop. & Cas. Ins. Co.*, 2014 WL 12748899, at *2 (S.D. Ohio May 28, 2014) ("Expert testimony is not needed where the subject matter of the testimony is a

'matter of arithmetic 'within the capacity of any reasonable lay person.''" (citing *United States v. Madison*, 226 F. App'x. 535, 543–44 (6th Cir. 2007))); *Jones Creek Investors, LLC v. Columbia Cty., Ga.*, 2013 WL 12141348, at *19 (S.D. Ga. Dec. 23, 2013) (excluding a damages expert whose opinions were "mere[ ] recitations of opinions and information held by other witnesses and the application of simple arithmetic"); *Shapiro v. Art Leather, Inc. (In re Connolly N. Am., LLC)*, 398 B.R. 564, 576–77 (Bankr. E.D. Mich. 2008) (concluding that an expert's testimony was inadmissible when he "applied very simple math"—addition and division—to assumed values: "the Court could have performed those same calculations" and "[a]ny reasonably (or even minimally) educated lay person could do them").

As this Court has found, "analysis and extrapolation of data [that] could easily be run by plaintiffs themselves . . . is not expert analysis." *Scott*, 315 F.R.D. at 56. [redacted]

[redacted]

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the opinions of Plaintiff's expert Colin Weir.

Date:   September 20, 2018
        Los Angeles, California

Respectfully submitted,

/s/ Richard B. Goetz
Richard B. Goetz
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: rgoetz@omm.com

*Counsel for Defendants Johnson & Johnson and McNeil Nutritionals, LLC*