DETENCEIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SUZANNA BOWLING, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,<br><br>                    Defendant. | Case No. 1:17-cv-03982-AJN |

**DEFENDANTS JOHNSON & JOHNSON AND McNEIL NUTRITIONALS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT J. MICHAEL DENNIS**

Dated: September 20, 2018

**O'MELVENY & MYERS LLP**

Richard B. Goetz (*Pro Hac Vice*)
Carlos M. Lazatin (*Pro Hac Vice*)
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
rgoetz@omm.com
clazatin@omm.com

Hannah Y. Chanoine
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
hchanoine@omm.com

*Counsel for Defendants Johnson & Johnson and McNeil Nutritionals, LLC*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................. 1

II. ████████████████████████████ ........................ 4

III. LEGAL STANDARD ....................................................................................... 6

IV. ARGUMENT .................................................................................................... 8

V. CONCLUSION ............................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*1-800 Contacts, Inc. v. Lens.com, Inc.*,
    2010 WL 5186393 (D. Utah Dec. 15, 2010) ......................................................................19

*Apple, Inc. v. Samsung Electronics Co.*,
    2014 WL 976898 (N.D. Cal. Mar. 6, 2014) ...............................................................12, 16

*Astra Aktiebolag v. Andrx Pharms., Inc.*,
    222 F. Supp. 2d 423 (S.D.N.Y. 2002) ...............................................................................7

*Campbell v. Metro. Prop. & Cas. Ins. Co.*,
    239 F.3d 179 (2d Cir. 2001) ...............................................................................................7

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013) ..........................................................................................................7, 9

*Cumberland Packing Corp. v. Monsanto Co.*,
    140 F. Supp. 2d 241 (E.D.N.Y. 2001) .............................................................................19

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ............................................................................................................7

*Exxon Corp. v. XOIL Energy Res., Inc.*,
    552 F. Supp. 1008 (S.D.N.Y. 1981) .................................................................................14

*In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*,
    2017 WL 1196990 (N.D. Ill. Mar. 31, 2017) ..................................................................17

*Gutierrez v. Wells Fargo & Co.*,
    2010 WL 1233810 (N.D. Cal. Mar. 26, 2010) ..........................................................*passim*

*Jordache Enters. v. Levi Strauss & Co.*,
    841 F. Supp. 506 (S.D.N.Y. 1993) ...................................................................................17

*Khoday v. Symantec Corp.*,
    2014 WL 1281600 (D. Minn. Mar. 13, 2014) ..................................................................16

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ......................................................................................................7, 17

*Kurtz v. Kimberly-Clark Corp.*,
    321 F.R.D. 482 (E.D.N.Y. 2017) .....................................................................................16

*Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*,
    452 F. Supp. 2d 772 (W.D. Mich. 2006) ..........................................................................14

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
525 F. Supp. 2d 558 (S.D.N.Y. 2007)......................................................................................7

*Lyondell Chem. Co. v. Occidental Chem. Corp.*,
608 F.3d 284 (5th Cir. 2010) ...............................................................................................17

*In re NJOY, Inc. Consumer Class Action Litig.*,
120 F. Supp. 3d 1050 (C.D. Cal. 2015) ....................................................................10, 11, 12

*Revlon Consumer Prods. Corp. v. Jennifer Leather Broadway, Inc.*,
858 F. Supp. 1268 (S.D.N.Y.1994), *aff'd* 57 F.3d 1062 (2d Cir.1995) ................................14

*Royal Park Invs. SA v. Wells Fargo Bank, N.A.*,
2018 U.S. Dist. LEXIS 9087 (S.D.N.Y. Jan. 10, 2018)..........................................................7

*Saavedra v. Eli Lilly & Co.*,
2014 WL 7338930 (C.D. Cal. Dec. 18, 2014) .....................................................10, 11, 12, 16

*Scott v. Chipotle Mexican Grill, Inc.*,
315 F.R.D. 33 (S.D.N.Y. 2016) ..............................................................................................7

*In re Scotts EZ Seed Litigation*,
304 F.R.D. 397 (S.D.N.Y. 2015) ..........................................................................................16

*THOIP v. Walt Disney Co.*,
690 F. Supp. 2d 218 (S.D.N.Y. 2010).....................................................................................8

*United States v. Williams*,
506 F.3d 151 (2d Cir. 2007)....................................................................................................6

*Universal City Studios, Inc. v. Nintendo Co.*,
746 F.2d 112 (2d Cir. 1984)..................................................................................................17

*Vista Food Exch., Inc. v. Vistar Corp.*,
2005 WL 2371958 (E.D.N.Y. Sept. 27, 2005) ......................................................................14

*Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*,
2016 WL 5956325 (E.D. Mich. Oct. 14, 2016) ...............................................................11, 16

## Other Authorities

*Reference Manual on Scientific Evidence* (3d ed. 2011) ..............................................................18

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Rules**

Fed. R. Evid. 702(b)–(d) ................................................................................................7

<u>**MEMORANDUM OF LAW**</u>

I.    <u>**INTRODUCTION**</u>

███████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████



---

[2] Exhibit numbers refer to those attached to the concurrently filed Declaration of Jason A. Orr in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification.

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

## III.   **LEGAL STANDARD**

As the proponent of expert testimony, Bowling bears the burden of establishing its

admissibility. *See United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). Expert testimony

is inadmissible unless it (i) is "based on sufficient facts or data" and is "the product of reliable

principles and methods" that (ii) the expert has "reliably applied . . . to the facts of the case."

Fed. R. Evid. 702(b)–(d); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)

(expert testimony must be "not only relevant, but reliable"). The Court must probe "whether [the

expert's] reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509

U.S. at 592–93.

Expert testimony submitted in support of class certification is subject to "*Daubert*'s

rigorous standards insofar as that testimony is relevant to the Rule 23 class certification

analysis." *Royal Park Invs. SA v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 9087, at *10

(S.D.N.Y. Jan. 10, 2018) (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 55

(S.D.N.Y. 2016)); *see also generally Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579

(1993). Plaintiffs have an obligation under *Comcast* to establish that "damages are capable of

measurement on a classwide basis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34–38 (2013)

(rejecting a damages model that failed to "translat[e] . . . the *legal theory of the harmful* event

into an analysis of the economic impact *of that event*" (emphasis in original)). "In determining

admissibility under *Daubert*, trial judges are charged with a gate-keeping function pursuant to

Rule 702 whereby they must determine (1) whether the theory or methodology underlying the

testimony is reliable and (2) whether the expert's theory or methodology is relevant in that it

'fits' the facts of the case." *Astra Aktiebolag v. Andrx Pharms., Inc.*, 222 F. Supp. 2d 423, 487

(S.D.N.Y. 2002) (citing *Daubert*, 509 U.S. at 590–91; *Kumho Tire Co. v. Carmichael*, 526 U.S.

137, 149–50 (1999); *Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 184–85 (2d Cir.

2001)). A damages methodology is "inadmissible under *Daubert*" if it "ha[s] no discernible (and,

hence, reliable) relation to the facts or theories in [the] case." *Gutierrez v. Wells Fargo & Co.*,

2010 WL 1233810, at *7–8 (N.D. Cal. Mar. 26, 2010). Moreover, "if the survey suffers from

substantial methodological flaws, it will be excluded under both Rule 403 and Rule 702." *Louis*

*Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 581 (S.D.N.Y. 2007); *see also THOIP v. Walt Disney Co.*, 690 F. Supp. 2d 218, 236–40 (S.D.N.Y. 2010) (excluding survey that "failed to sufficiently replicate the manner in which consumers encountered the parties' products in the marketplace, which severely diminishes the reliability and probative force" of the survey).

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

█████████████████████

## IV.   ARGUMENT

██  ███████████████████████████████
████████████

███████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

██████████████████████████.

██  █████████████████████████████████████████

A damages methodology is inadmissible under *Daubert* where it has "no discernable . . . relation to the facts or theories in [the] case." *Gutierrez*, 2010 WL 1233810, at *7–8. ████

██████████████████████████████████████

███████████████████████████████████████████



*See Gutierrez*, 2010 WL 1233810, at *7–8; *cf. also Comcast*, 569 U.S. at 35 ("[A] model

purporting to serve as evidence of damages in [a] class action must measure only those damages

attributable to that theory. If the model does not even attempt to do that, it cannot possibly

establish that damages are susceptible of measurement across the entire class.").



. *See, e.g.*, *Saavedra v. Eli Lilly & Co.*, 2014 WL 7338930, at *4 (C.D. Cal.

Dec. 18, 2014).

"[t]he ultimate price of a product is a

combination of market demand and market supply." *In re NJOY, Inc. Consumer Class Action

Litig.*, 120 F. Supp. 3d 1050, 1119 (C.D. Cal. 2015) (cannot take "subjective inquiry of what an

average consumer wants" under conjoint analysis and translate it into "an objective evaluation of

relative fair market values") (internal citations omitted)



*In re NJOY*, 120 F. Supp. 3d at 1120. For that reason alone, Dennis's testimony should be excluded.

*Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 2016 WL 5956325, at *5–7, 19 (E.D. Mich. Oct. 14, 2016). Similarly, in *Saavedra v. Eli Lilly & Co.*, plaintiffs alleged that Eli Lilly misrepresented the safety of its antidepressants, and proposed a conjoint analysis to

11

measure consumers' subjective valuation of the safety claim. 2014 WL 7338930, at *4. The court explained that it "found no case holding that a consumer may recover based on consumers' willingness to pay irrespective of what would happen in a functioning market (*i.e.*, what could be called sellers' willingness to sell)." *Id*. at *5. The court rejected the proposed conjoint model as "highly flawed," finding that the model only looks at the demand side of the equation (consumer willingness to pay), without looking at the supply side to determine how the product was actually priced. *Id*. Similarly, in *Apple, Inc. v. Samsung Electronics Co.*, 2014 WL 976898, at *10–11 (N.D. Cal. Mar. 6, 2014), the court rejected a conjoint damages model, because it calculated consumers' "willingness to pay" in a "vacuum," without relation to actual prices. *Id*. at *11. There, the court found that the "survey did not account at all for competitor products or other supply," even though the "serious market competition in the smartphone and tablet industry works to depress prices." *Id.* Because the survey did not take into account "the real-world intersection of market demand and market supply," it could not be used to calculate a price premium. *Id*. at *12. *See also In re NJOY*, 120 F. Supp. 3d at 1120.

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

██      ████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████. *Gutierrez v. Wells Fargo & Co.,*

2010 WL 1233810, at *8 (N.D. Cal. Mar. 26, 2010) (damages methodology is "inadmissible

under *Daubert*" if it "ha[s] no discernible (and, hence, reliable) relation to the facts or theories in

[the] case.").

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████



. *Gutierrez,* 2010 WL 1233810 at

*8.

**C.** ████████████████████████

██████████████████████████

██████████████████████████

██████████████████████████

█████████████████████ *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 452 F.

Supp. 2d 772, 778 (W.D. Mich. 2006) (emphasis added). ████████████████████

██████████████████████████

█████████████████████████ *Vista Food Exch., Inc. v. Vistar Corp.*, 2005 WL

2371958, at *7 (E.D.N.Y. Sept. 27, 2005) (excluding the plaintiff's likelihood of confusion

survey as "flawed to the point that its probative value is substantially outweighed by [its]

potential for unfair prejudice and confusion"); *Revlon Consumer Prods. Corp. v. Jennifer

Leather Broadway, Inc.*, 858 F. Supp. 1268, 1276 (S.D.N.Y.1994) (finding survey "so unreliable

that it is entitled to no weight"), *aff'd* 57 F.3d 1062 (2d Cir.1995); *Exxon Corp. v. XOIL Energy*

*Res., Inc.*, 552 F. Supp. 1008, 1021 (S.D.N.Y. 1981) (affording survey no weight where survey not "taken under market conditions" and "not conducted on a properly selected and representative sample of the population").

1.  ████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████



▮▮▮▮▮▮ *E.g.*, *Saavedra*, 2014 WL 7338930, at \*4 (infrequent discontinuation symptoms of prescription antidepressant); *Apple, Inc.*, 2014 WL 976898, at \*11 (touch screen hand gestures in smartphones and tablets); *Visteon*, 2016 WL 5956325, at \*5–7, 19 (menu and display options on navigation device).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮ in *In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y. 2015), the feature tested in the conjoint was a claim on packages of grass seed that it would grow lawns "50% thicker with half the water." *Id.* 412–15. ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ *See also Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 551 (E.D.N.Y. 2017) (tested feature was flushability of "flushable" moistened wipes); *Khoday v. Symantec Corp.*, 2014 WL 1281600, at \*11 (D. Minn. Mar. 13, 2014) (ability to use software download insurance to

redownload software). 

. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 294 (5th Cir. 2010); *see also Kumho*, 526 U.S. at 157 (a district court is not required to "admit opinion evidence that is connected to . . . [the case] only by the *ipse dixit* of the expert.").

### 2.   **Dennis Surveyed the Wrong Universe of Consumers**

"For a survey to be valid, the persons interviewed must adequately represent the opinions which are relevant to the litigation." *In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*, 2017 WL 1196990, at *29 (N.D. Ill. Mar. 31, 2017); *see also Jordache Enters. v. Levi Strauss & Co.*, 841 F. Supp. 506, 518 (S.D.N.Y. 1993) (citing *Universal City Studios, Inc. v. Nintendo Co.*, 746 F.2d 112, 118 (2d Cir. 1984) ("To be valid, a survey must rely on responses

by potential customers of the products in question."). As the Federal Judicial Center's Reference

Manual on Scientific Evidence explains, "[i]dentification of the proper target population or

universe is recognized uniformly as a key element in the development of a survey." (*Reference*

*Manual on Scientific Evidence* 376 n.76 (3d ed. 2011).) "The definition of the relevant

population is crucial because there may be systematic differences in the responses of members of

the population and nonmembers." (*Id.* at 377).)

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

Courts have repeatedly excluded expert testimony where the expert surveyed the wrong population. For example, in *Cumberland Packing Corp. v. Monsanto Co.*, the court excluded as "unreliable" a survey that used an overbroad population. 140 F. Supp. 2d 241, 245 (E.D.N.Y. 2001). The "relevant universe" in that case was "people with a current interest in purchasing an aspartame-based sugar substitute," but the universe of survey respondents "was over-inclusive in that it contained 'users or buyers of sugar substitutes within the past six months.'" *Id*. Similarly, in *1-800 Contacts, Inc. v. Lens.com, Inc*., 2010 WL 5186393, at *6–7 (D. Utah Dec. 15, 2010), the court excluded a survey as unreliable that questioned "individuals who had purchased contacts within the prior twelve months or who intended to purchase contacts within the next twelve months," where the relevant universe was "consumers *who purchase contacts on the Internet*." *Id.* at *6 (emphasis in original). Since the survey was not limited to "those who purchased contacts on the Internet," the court concluded that the "survey universe was improper." *Id*. at *6–7.







██████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

███████████

## V.   <u>CONCLUSION</u>

For the forgoing reasons, Defendants respectfully request that the Court exclude the

opinions of Plaintiff's expert J. Michael Dennis.


Date:      September 20, 2018                    Respectfully submitted,
           Los Angeles, California
                                                
                                                /s/ Richard B. Goetz
                                                Richard B. Goetz
                                                O'MELVENY & MYERS LLP
                                                400 South Hope Street
                                                Los Angeles, California 90071
                                                Telephone: (213) 430-6000
                                                Facsimile: (213) 430-6407
                                                E-mail: rgoetz@omm.com

                                                *Counsel for Defendants Johnson & Johnson and
                                                McNeil Nutritionals, LLC*