# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SUZANNA BOWLING, individually and on behalf of all others similarly situated,

                                             Plaintiff,

         v.

JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC

                                Defendants.

Civil Action No. 1:17-cv-03982-AJN

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. DOUGLAS L. NGUYEN, DR. CAROL A. SCOTT, DR.  DAVID J. REIBSTEIN, AND DR. DENISE N. MARTIN**

Dated:  November 16, 2018

**BURSOR & FISHER, P.A.**

Scott A. Bursor
Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
              jmarchese@bursor.com

**BURSOR & FISHER, P.A.**

Frederick J. Klorczyk III
Neal J. Deckant
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  fklorczyk@bursor.com
              ndeckant@bursor.com

*Attorneys for Plaintiff*

TABLE OF CONTENTS

PAGE(S)

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARD ......................................................................................... 1

III.    MOTION TO STRIKE DR. DOUGLAS L. NGUYEN ..................................... 2

        A.      Summary Of Dr. Nguyen's Report ....................................................... 2

        B.      Dr. Nguyen's Testimony Is Not Relevant, As Plaintiff Bowling's
                Medical History Has Nothing To Do With Any Claims, Defenses,
                Or Class Certification Considerations ................................................... 3

        C.      Dr. Nguyen's Testimony Is Not Reliable And Is Not Based On
                Sufficient Data, As ███████████████████████████
                ████████████████████████████████████ ........................... 5

        D.      Dr. Nguyen's Report Is Defective, Per Rule 26(a)(2)(B)(iv)-(vi) ........ 6

IV.     MOTION TO STRIKE DR. CAROL A. SCOTT ............................................. 6

        A.      Summary Of Dr. Scott's Report ............................................................ 6

        B.      Dr. Scott's Testimony Is Neither Relevant Nor Reliable, As ███
                ████████████████████████████████
                ██████████████████ .............................................................. 9

        C.      Dr. Scott's Testimony Is Neither Relevant Nor Reliable, As ███
                ██████████████████████████ .................................... 10

        D.      Dr. Scott's Testimony Is Neither Relevant Nor Reliable, As ███
                █████████████████████████████ ............................ 10

        E.      Dr. Scott's Testimony Is Neither Relevant Nor Reliable, As ███
                █████████████████████████████ ............................ 12

V.      MOTION TO STRIKE DR. DAVID J. REIBSTEIN ....................................... 13

        A.      Summary Of Dr. Reibstein's Report ................................................... 13

        B.      Dr. Reibstein ████████████████████████████
                Was Wined And Dined In Preparation For His Deposition .................. 14

        C.      Dr. Reibstein's Testimony Is Neither Relevant Nor Reliable, As
                ████████████████████████████████████████
                ██████████████████████████████████████████
                ████████████████████████████ ................................... 15

D.      Dr. Reibstein's Testimony Is Neither Relevant Nor Reliable, As
██████████████████████████████
██████████████████ .............................................................. 17

VI.     MOTION TO STRIKE DR. DENISE N. MARTIN ......................................... 19

A.      Summary Of Dr. Martin's Background And Her "Copied And
Pasted" Report ............................................................................... 19

B.      Dr. Martin's Testimony Is Neither Relevant Nor Reliable, As ███
███████████████████████████
██████████████ ........................................................... 21

C.      Dr. Martin's Testimony Is Neither Relevant Nor Reliable, As ███
████████████████████████████████
██████████████ ....................................................... 22

D.      Dr. Martin's Analysis Of Benecol Retail Sales Data Is Not
Relevant Or Reliable, As ████████████████████████
████████████████████████
████████ ........................................................................... 23

VII.    CONCLUSION ......................................................................................... 25

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002) ......................................................................... passim

*Baker v. Urban Outfitters, Inc.*,
   254 F. Supp. 2d 346 (S.D.N.Y. 2003) ..................................................................... 1

*Belfiore v. Procter & Gamble Co.*,
   311 F.R.D. 29 (E.D.N.Y. 2015) ......................................................................... 4, 5

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) ................................................................................................ 1

*Ebin v. Kangadis Food Inc.*,
   297 F.R.D. 561 (S.D.N.Y. 2014) ............................................................................ 4

*Ebin v. Kangadis Food Inc.*,
   2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ....................................................... 3

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
   8 F.Supp.3d 467 (S.D.N.Y. 2014) .......................................................................... 4

*In re Amla Litig.*,
   320 F. Supp. 3d 578 (S.D.N.Y. 2018) .................................................................... 4

*In re Scotts EZ Seed Litig.*,
   304 F.R.D. 397 (S.D.N.Y. 2015) ............................................................................ 4

*Koenig v. Boulder Brands, Inc.*,
   995 F. Supp. 2d 274 (S.D.N.Y. 2014) .................................................................... 4

*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S. 137 (1999) ........................................................................................... 1, 3

*Singleton v. Fifth Generation, Inc.*,
   2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) .......................................................... 3

**STATUTES**

N.Y. G.B.L. § 349 ........................................................................................................ 4

**RULES**

Fed. R. Civ. P. 26(a)(2)(B) .......................................................................................... 6

Fed. R. Evid. 702 ................................................................................................. 1, 2, 5

## I.      INTRODUCTION

Plaintiff Suzanna Bowling hereby moves to strike:  (i) the September 19, 2018 Expert

Report of Dr. Douglas L. Nguyen (Dkt. 57-12) (the "Nguyen Report"), (ii) the September 20,

2018 Expert Report of Dr. Carol A. Scott (Dkt. 57-13) (the "Scott Report"), (iii) the September

20, 2018 Rebuttal Expert Report of Dr. David J. Reibstein (Dkt. 57-20) (the "Reibstein Report"),

and (iv) the September 20, 2018 Rebuttal Declaration of Dr. Denise N. Martin (Dkt. 57-19) (the

"Martin Report"), together with all corresponding testimony.

## II.     LEGAL STANDARD

The party seeking to introduce expert testimony "bears the burden of establishing its

admissibility by a preponderance of the evidence."  *Baker v. Urban Outfitters, Inc.*, 254 F. Supp.

2d 346, 353 (S.D.N.Y. 2003).  Federal Rule of Evidence 702 allows expert testimony if:

> (a) the expert's … specialized knowledge will help the trier of fact
> to understand the evidence or to determine a fact in issue; (b) the
> testimony is based on sufficient facts or data; (c) the testimony is
> the product of reliable principles and methods; and (d) the expert
> has reliably applied the principles and methods to the facts of the
> case.

In evaluating expert testimony under this standard, the court acts as a gatekeeper to

"ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task

at hand."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).

The reliability inquiry envisioned by *Daubert* is "a flexible one," *id.* at 594, and the

factors to be considered "depend[] upon the particular circumstances of the particular case at

issue."  *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).  The Second Circuit has

emphasized that courts should focus on "the indicia of reliability identified in Rule 702, namely,

(1) that the testimony is grounded on sufficient facts or data; (2) that the testimony 'is the

product of reliable principles and methods'; and (3) that 'the witness has applied the principles

and methods reliably to the facts of the case.'" *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quoting Fed. R. Evid. 702).  This "flexible *Daubert* inquiry gives the … court the discretion needed to ensure that the courtroom door remains closed to junk science while admitting reliable expert testimony."  *Id.* at 267.

## III.    MOTION TO STRIKE DR. DOUGLAS L. NGUYEN

### A.    Summary Of Dr. Nguyen's Report

Dr. Nguyen is a practicing physician and Associate Clinical Professor of Medicine at the University of California-Irvine Medical Center, with active board certifications in Internal Medicine and Gastroenterology.  *See* Nguyen Report at 1. ████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████

██████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

██████████████

██████████████████████████████

████████████████████████████████



**B.** **Dr. Nguyen's Testimony Is Not Relevant, As Plaintiff Bowling's Medical History Has Nothing To Do With Any Claims, Defenses, Or Class Certification Considerations**

Dr. Nguyen's testimony is completely irrelevant to any claim, defense, or class certification consideration at issue in this matter.  Plaintiff – like all class members – was injured at the time of purchase when <u>she paid a price premium for Benecol solely attributable to the "No Trans Fat" claim</u>.  *See* Dkt. 53 at Ex. B, Bowling Dep. at 261:2-25.  Stated otherwise, <u>Plaintiff is not suing because Benecol made her sick</u>, but rather because the "No Trans Fat" claim was false and she was charged too much.  *Id.* at 151:6-25; *see also* Compl. ¶ 5 ("… Plaintiff Bowling paid a tangible increased cost for Benecol Spreads, which were worth less than represented because Benecol Spreads do, in fact, contain trans fats ….").

New York courts recognize the type of injury Ms. Bowling is claiming because "<u>[t]he deception is the false and misleading label, and the injury is the purchase price</u>."  *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547, at *5 (S.D.N.Y. Dec. 11, 2013) (emphasis added); *see also, e.g.*, *Singleton v. Fifth Generation, Inc.*, 2016 WL 406295, at *11 (N.D.N.Y. Jan. 12, 2016) ("It is well-established that paying a premium for a product can constitute an actual injury under

N.Y. G.B.L. § 349."); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288-89 (S.D.N.Y.

2014) (collecting cases).

As Judge Rakoff recently explained, such an inquiry into Plaintiff Bowling's medical

history – including whether Benecol made her physically ill – is totally irrelevant to claims that

seek "price premium" damages:

> It may be that some class members would have been willing to
> purchase the product for the same price even if they knew the scalp
> protector did not work.  But that does not matter.  If there is a price
> premium, then every purchaser of the kit paid more than they
> otherwise would have, so every purchaser was injured.  A
> purchaser's individual experience after purchasing the product or
> idiosyncratic ex ante valuation does not matter.
>
> For exactly this reason, courts regularly certify classes alleging
> § 349 violations when the injury was payment of a price premium.
> *See, e.g., Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 62
> (E.D.N.Y. 2015); *Goldemberg v. Johnson & Johnson Consumer
> Companies, Inc.*, 8 F.Supp.3d 467, 481 (S.D.N.Y. 2014); *In re
> Scotts EZ Seed Litig.*, 304 F.R.D. 397, 414 (S.D.N.Y. 2015).  The
> New York 23(b)(3) class therefore remains certified as to its
> NYGBL claim for statutory damages.

*In re Amla Litig.*, 320 F. Supp. 3d 578, 592-93 (S.D.N.Y. 2018) (emphasis added); *see also Ebin

v. Kangadis Food Inc.*, 297 F.R.D. 561, 571-72 (S.D.N.Y. 2014) (finding "price premium"

damages model "obviate[d] the problems of which defendant complains," namely that

"individualized mini-trials must be held to determine each class member's actual damages").

Here, "either all consumers purchased ['No Trans Fat' products] that [did], in fact,

[contain trans fats], or none did.  In this way, the case is more akin to *Ebin*, 297 F.R.D. at 569,

where plaintiff sought to certify a damages class of purchasers of a product labeled '100% olive

oil,' which was actually pomace.  Individualized inquiries were unnecessary.  The product was

not what it said it was.  All class members, even those who 'actively wanted to buy pomace

instead of 100% pure olive oil' suffered an injury: they 'paid too much for it.'" *Belfiore*, 311

F.R.D. at 69 (emphasis added).

Accordingly, Dr. Nguyen's expert report has no bearing on any issue in the case.  It is totally irrelevant and will not help the trier of fact.  It should be stricken.

    **C.**    **Dr. Nguyen's Testimony Is Not Reliable And Is Not Based On Sufficient Data, As** ██████████████████████████ ██████████████████████████ ███████

Dr. Nguyen's report states that █████████████████████████████████

██████ Nguyen Report at 1.  Rather, as is noted in his list of "Material[s] Reviewed," ███

████████████████████████████████████████████████████████████

██████████████████████ No other documents or authority are discussed anywhere in Dr. Nguyen's report.  *Id.*  Nonetheless, Dr. Nguyen states that █████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████ *Id.* at 1-2.

████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

█████████████████

████████████████████ Dr. Nguyen's testimony is not "based on sufficient facts or data" that would be relied upon by a physician in providing medical advice.  *See* Fed. R. Evid. 702.  Similarly, Dr. Nguyen's testimony is not "the product of reliable principles and methods."  *Id.*;

*see also Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002).  The Court should not admit the testimony of a physician who has never examined his "patient."

### D.      Dr. Nguyen's Report Is Defective, Per Rule 26(a)(2)(B)(iv)-(vi)

Federal Rule of Civil Procedure 26(a)(2)(B) provides that expert disclosures "must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  Such reports "must contain," among other items:

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).[1]

Dr. Nguyen failed to comply with Rule 26(a)(2)(B)(iv)-(vi), as these items are totally absent from his report.[2]  Accordingly, Dr. Nguyen's report is defective and should be stricken.

## IV.    MOTION TO STRIKE DR. CAROL A. SCOTT

### A.      Summary Of Dr. Scott's Report

Dr. Scott is a Professor of Marketing Emeritus at the Anderson Graduate School of Management at UCLA and is a founding partner at Crossfield Associates, a litigation analysis

---

[1] Defendants are unambiguously offering Dr. Nguyen's opinions as expert testimony.  *See* 9/20/18 Orr Decl. ¶ 13 ("Attached hereto as **Exhibit L** and filed under seal under the Protective Order is a true and correct copy of the expert report of Dr. Douglas L. Nguyen in Opposition to Plaintiffs Motion for Class Certification.") (Dkt. 57) (bold in original; underlining added).

[2] Dr. Nguyen's report states that he has ███████████████████████████████████████ ████████████████████  Nguyen Report at 1.  However, Dr. Nguyen's report does not include a *curriculum vitae*, nor does he identify even a single publication.  *See* Fed. R. Civ. P. 26(a)(2)(B)(iv).

and support firm.  Scott Report ¶ 1. ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

      ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████

      ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

**B.**    **Dr. Scott's Testimony Is Neither Relevant Nor Reliable, As She**
██████████████████████████████████████████
████████████████████████

As discussed above and in Plaintiff's Motion for Class Certification (Dkt. 38), Plaintiffs

are seeking "price premium" damages.  *See supra* § III.B; *see also* 7/30/18 Plf.'s Br. at 23-24.

However, ██████████████████████████████████████████████

███████████████████████████████████████

████    ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

████    ████████████████████████████████

████████████████████████

████    ████████████████████████████████

████████████████████████████████████████

██████████████████████

████    ████████████████████████████████

Klorczyk Reply Decl. Ex. R, Scott Dep. at 27:15-28:3 (objections omitted).  This omission is

telling, given that ██████████████████████████████████████

██████████████████████████████████████████

Similarly, Dr. Scott made clear that she was not offering any opinion regarding:  ██████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

**C.**     **Dr. Scott's Testimony Is Neither Relevant Nor Reliable, As**
████████████████████████████

Dr. Scott's surveys are not reflective of marketplace realities.  Most significantly, ███

███████████████████████████

██     ████████████████████████████████
          ██████████████████

██     █████

██     ███████████████████████████

██     ████████████████

██     ███████████████████████████
          ████████████████████████████████
          ████████████████

██     ██████████████████████

██

██     ██████████████████████

██     ██████

*Id.* at 106:18-107:4, 107:19-20.  Even Dr. Scott's colleague, ████████████████████

████████████████████████████████████████████████████████

*See* Klorczyk Reply Decl. Ex. S, Reibstein Dep. at 67:14-16.

**D.**     **Dr. Scott's Testimony Is Neither Relevant Nor Reliable, As She**
██████████████████████████

During her deposition, ████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████

██     ████████████████████

10



Klorczyk Reply Decl. Ex. R, Scott Dep. at 21:17-22:3, 89:1-3.

Unsurprisingly, there are numerous errors in Mr. Bentley's coding.  First, despite trans fats being linked to raising LDL ("bad" cholesterol) and lowering HDL ("good" cholesterol), ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*See* Compl. ¶ 27 ("Consumption of trans fat increases LDL-C ('bad' cholesterol) [and] decreases HDL-C ('good' cholesterol) …."); *see also* Klorczyk Reply Decl. Ex. R, Scott Dep. at 82:7-11

■          ████████████████████████
           █████████████████████████████
           ████████████████████████████████████
           ██████████████████████████████

■          ████████████████

■          █████████████

■          ██████████████████████████████
           ██████████████████████████████
           ████████████████████████████████
           ████████████████████████████████
           ███████████████████████████████
           █████████

■          ██████████████████████

■          ███████

Klorczyk Reply Decl. Ex. R, Scott Dep. at 79:23-81:7 (objections omitted).

**E.     Dr. Scott's Testimony Is Neither Relevant Nor Reliable, As**
████████████████████████████████████████████████

Dr. Scott's survey contains numerous other procedural and methodological defects.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████

        █████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████

      ███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████▌  ████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████▌

## V.   MOTION TO STRIKE DR. DAVID J. REIBSTEIN

### A.   Summary Of Dr. Reibstein's Report

As discussed in Plaintiff's Motion for Class Certification (Dkt. 38), Plaintiff retained a

consumer survey expert, Dr. J. Michael Dennis, to ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████    *Id.* ¶ 29; 7/30/18 Plf.'s Br. at 19 (Dkt. 38).

In turn, Defendants retained Dr. Reibstein, a Professor of Marketing at the Wharton

School of Business at the University of Pennsylvania, to ████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████   Reibstein Report ¶¶ 2, 12.  Additionally,

---

[3] ███████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████

[4] *See Percentage of Mobile Device Website Traffic in the United States From 1st Quarter 2015 to 3rd Quarter 2018*, Statista, https://www.statista.com/statistics/683082/share-of-website-traffic-coming-from-mobile-devices-usa/

Dr. Reibstein was further asked to █████████████████████████████████████

████████████████████████████████████████████████████████████ *Id.* ¶ 2.

    Among other criticisms, Dr. Reibstein first opines that █████████████████

██████████████████████████ █ ██████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████████

██ ██ █████████████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████

████████████

    **B.**    **Dr. Reibstein** ██████████████████████████████
        ████ **Was Wined And Dined In Preparation For His Deposition**

    ████████████████████████████████████████ *See* Klorczyk

Reply Decl. Ex. S, Reibstein Dep. at 50:14-17 ███████████████████████

---

[5] However, Dr. Reibstein's colleague, Dr. Martin, the economist, ██████████████
████████████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████
[6] ███████████████████████████████████████████████
████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

**C.    Dr. Reibstein's Testimony Is Neither Relevant Nor Reliable, As**

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Dr. Reibstein admitted that the conjoint methodology is ████████████████

████████████████████████████████████████

████████ ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████

████████ ████████████████████████████

████████ ██████████████████

████████ ████████████████████████

*Id.* at 85:8-18 (objections omitted); *see also id.* at 84:15-23 ████████████████████

████████████████████████████████████████████████

In this matter, however, ████████████████████████████████████████████

████████████████████████████████████████████████

████████ ████████████████████████████
████████████████████████████████
██████████████████████

████████ ██████████████████████████
██████

████████

---

[7] *See also id.* at 37:22-24 ████████████████████████████████████████████████

████████████████████



*Id.* at 26:9-14, 27:4-12 (objections omitted).

*Id.* at 28:23-29:3, 29:22-30:9.

*Id.* at 33:24-34:6.



*Id.* at 90:4-13 (objections omitted).[8]

**D.**     **Dr. Reibstein's Testimony Is Neither Relevant Nor Reliable, As**

Reibstein Report ¶ 73 (emphasis added).  However, Dr. Reibstein is admittedly wrong – Dr.

Dennis plainly accounted for supply-side factors.

Initially, Dr. Dennis incorporated real-world pricing data into his conjoint survey.  Dr.

Reibstein agrees with this approach:



Klorczyk Reply Decl. Ex. S, Reibstein Dep. at 68:8-23.

Moreover, as Dr. Reibstein admits,



██ ████████████████████████████████
████████████████████████

*Id.* at 102:11-24, 103:22-104:4 (objections omitted).

Accordingly, Dr. Reibstein is admittedly wrong that Dr. Dennis' conjoint survey failed to consider supply-side considerations.  The original conjoint design took into account supply-side considerations by, among other things, ████████████████████████████  *See* Dennis Report ¶ 47.  Such testimony from Dr. Reibstein is not relevant, reliable, or helpful.

## VI.   MOTION TO STRIKE DR. DENISE N. MARTIN

### A.   Summary Of Dr. Martin's Background And Her "Copied And Pasted" Report

Dr. Martin is the Managing Director of NERA Economic Consulting, who frequently serves as a defense-side expert.  *See generally* Martin Report at Exhibit A (*curriculum vitae*).

████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████

**B.**   **Dr. Martin's Testimony Is Neither Relevant Nor Reliable, As**
█████████████████████████████████████████████████████
███████████████████████████████████████

In her deposition, Dr. Martin was clear that ████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████

      █     ██████████████████████████████████████
          ██████████████████████████████████████████
          ████████████████████████████████████████████
          ██████████████████████████████████████████
          ███████████████████████
      █     █████████████████████████████████████████
          ██████████████████████████████

*Id.* at 57:10-19 (objections omitted). ███████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

     Such testimony is neither relevant, reliable, nor helpful to the trier of fact.  This is a

"price premium" case, but ███████████████████████████████████████████████

**C.** **Dr. Martin's Testimony Is Neither Relevant Nor Reliable, As** ███████████████████████████████████████████████████
██████████████████████████████████

Dr. Martin's opinions boil down to the false contention that the conjoint study relied

upon by Mr. Weir ██████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████████████████ But that criticism is wrong for the reasons discussed above, in the context of

Dr. Reibstein's report.  *See supra* § V.D. ████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

████████████████████

     ██    ████████████████████████████████████
           ████████████████████████████████████████
           ███████████████████████████████████████
           ██████████████████████████

     ██    ███

     ██    ███████████████████████████████████████

     ██    ███

     ██    ████████████████████████████████████████
           ████

     ██    ███

     ██    ████████████████████████████████████████
           █████████████████████████████████████████
           █████████████████████████████████████████
           █████████████████████████████████████████
           ███████████████

     ██    ███

22

Klorczyk Reply Decl. Ex. Q, Martin Dep. at 123:17-124:12. Dr. Martin also agreed that real-world pricing data



*Id.* at 77:22-78:12.

As such, Dr. Martin's testimony is demonstrably false (even by her own admission) that Dr. Dennis' conjoint survey failed to take into account supply-side considerations.

**D. Dr. Martin's Analysis Of Benecol Retail Sales Data Is Not Relevant Or Reliable, As**



However, this analysis is heavily flawed.

Klorczyk Reply Decl. Ex. Q, Martin Dep. at 53:5-17, 114:1-20 (objections omitted).

██████████████████████████████████████████████████

███████████████ Thus, her testimony is not relevant, reliable, or helpful to the trier of fact.

**VII.     CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court enter an

order excluding the testimony and expert reports of Dr. Douglas L. Nguyen, Dr. Carol A. Scott,

Dr. David J. Reibstein, and Dr. Denise N. Martin.

Dated:  November 16, 2018                          Respectfully submitted,

                                                    **BURSOR & FISHER, P.A.**

                                                    By:     */s/ Joseph I. Marchese*
                                                             Joseph I. Marchese

                                                    Scott A. Bursor
                                                    Joseph I. Marchese
                                                    888 Seventh Avenue
                                                    New York, NY 10019
                                                    Telephone: (646) 837-7150
                                                    Facsimile:  (212) 989-9163
                                                    E-Mail: scott@bursor.com
                                                             jmarchese@bursor.com

                                                    **BURSOR & FISHER, P.A.**

                                                    Frederick J. Klorczyk III
                                                    Neal J. Deckant
                                                    1990 North California Blvd., Suite 940
                                                    Walnut Creek, CA 94596
                                                    Telephone: (925) 300-4455
                                                    Facsimile:  (925) 407-2700
                                                    E-Mail:  fklorczyk@bursor.com
                                                             ndeckant@bursor.com

                                                    *Attorneys for Plaintiff*