# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SUZANNA BOWLING, individually and on
behalf of all others similarly situated,

               Plaintiff,

     v.

JOHNSON & JOHNSON and McNEIL
NUTRITIONALS, LLC,

               Defendant.

Case No. 1:17-cv-03982-AJN

---

**DEFENDANTS JOHNSON & JOHNSON AND McNEIL NUTRITIONALS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERTS J. MICHAEL DENNIS AND COLIN WEIR**

Dated: October 11, 2018

**O'MELVENY & MYERS LLP**

Richard B. Goetz (*Pro Hac Vice*)
Carlos M. Lazatin (*Pro Hac Vice*)
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
rgoetz@omm.com
clazatin@omm.com

Hannah Y. Chanoine
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
hchanoine@omm.com

*Counsel for Defendants Johnson & Johnson and McNeil Nutritionals, LLC*

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................... 1

II.  OVERVIEW OF CONJOINT ANALYSIS AND DENNIS'S SURVEY .......................... 2

III.  LEGAL STANDARD ........................................................................ 5

IV.  ARGUMENT ................................................................................ 6

    A.  Dennis's Conjoint Analysis Is Not a Reliable Method to Measure Market Value or Price Premiums for Benecol ................................................ 6

        1.  █████████████████████████████████████ 6

        2.  █████████████████████████████████████ 7

    B.  Dennis's Method Cannot Determine Individual Class Members' Damages ....... 10

    C.  Dennis's Survey Methodology Is Defective and Unreliable ............................... 12

        1.  █████████████████████████████████████ 13

        2.  █████████████████████████████████████ 15

        3.  █████████████████████████████████████ 17

        4.  █████████████████████████████████████ 19

    D.  Weir's Report Is Inadmissible Because It Merely Parrots and Vouches for Dennis's Opinions ....................................................................... 20

    E.  Weir's Sole Contribution Is Basic Multiplication, Not Expert Testimony .......... 24

V.  CONCLUSION ............................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. Lens.com, Inc.*,
2010 WL 5186393 (D. Utah Dec. 15, 2010).........................................................17

*Apple, Inc. v. Samsung Electronics Co.*,
2014 WL 976898 (N.D. Cal. Mar. 6, 2014).....................................................9, 14

*Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*,
920 F. Supp. 2d 475 (S.D.N.Y. 2013).............................................................24

*Astra Aktiebolag v. Andrx Pharms., Inc.*,
222 F. Supp. 2d 423 (S.D.N.Y. 2002)...............................................................5

*Bouygues Telecom, S.A. v. Tekelec*,
472 F. Supp. 2d 722 (E.D.N.C. 2007).............................................................22

*Cincinnatus Partners I, LP v. Farm Bureau Prop. & Cas. Ins. Co.*,
2014 WL 12748899 (S.D. Ohio May 28, 2014) .................................................24

*Columbia Grain, Inc. v. Hinrichs Trading*,
LLC, 2015 WL 6675538 (D. Idaho Oct. 30, 2015) ...........................................24

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013).......................................................................................5, 7

*In re ConAgra Foods, Inc.*,
90 F. Supp. 3d 919 (C.D. Cal. 2015) ..........................................................22, 23

*Cumberland Packing Corp. v. Monsanto Co.*,
140 F. Supp. 2d 241 (E.D.N.Y. 2001) .............................................................17

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993)....................................................................................5, 23

*Exxon Corp. v. XOIL Energy Res., Inc.*,
552 F. Supp. 1008 (S.D.N.Y. 1981).................................................................13

*F.H. Krear & Co. v. Nineteen Named Trs.*,
810 F.2d 1250 (2d Cir. 1987).........................................................................22

*In re Fluidmaster, Inc., Water Connector Components Prod. Liab. Litig.*,
2017 WL 1196990 (N.D. Ill. Mar. 31, 2017).....................................................15

*Gutierrez v. Wells Fargo & Co.*,
2010 WL 1233810 (N.D. Cal. Mar. 26, 2010)..........................................5, 6, 7, 10

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Hartle v. Firstenergy Generation Corp.*,
  7 F. Supp. 3d 510 (W.D. Pa. 2014).................................................................22

*Jones Creek Investors, LLC v. Columbia Cty., Ga.*,
  2013 WL 12141348 (S.D. Ga. Dec. 23, 2013) ...............................................25

*Jordache Enters. v. Levi Strauss & Co.*,
  841 F. Supp. 506 (S.D.N.Y. 1993) ..................................................................15

*Khoday v. Symantec Corp.*,
  2014 WL 1281600 (D. Minn. Mar. 13, 2014) .................................................14

*Kumho*,
  526 U.S. at 157.................................................................................................15

*Kurtz v. Kimberly-Clark Corp.*,
  321 F.R.D. 482 (E.D.N.Y. 2017) .....................................................................14

*Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*,
  452 F. Supp. 2d 772 (W.D. Mich. 2006) .........................................................12

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
  525 F. Supp. 2d 558 (S.D.N.Y. 2007)................................................................5

*Lyondell Chem. Co. v. Occidental Chem. Corp.*,
  608 F.3d 284 (5th Cir. 2010) ...........................................................................15

*In re NJOY, Inc. Consumer Class Action Litig.*,
  120 F. Supp. 3d 1050 (C.D. Cal. 2015) ........................................................7, 9

*Price v. Fox Entm't Grp., Inc.*,
  499 F. Supp. 2d 382 (S.D.N.Y. 2007)..............................................................22

*Revlon Consumer Prods. Corp. v. Jennifer Leather Broadway, Inc.*,
  858 F. Supp. 1268 (S.D.N.Y.1994), *aff'd* 57 F.3d 1062 (2d Cir.1995)..................12

*Royal Park Invs. SA v. Wells Fargo Bank, N.A.*,
  2018 U.S. Dist. LEXIS 9087 (S.D.N.Y. Jan. 10, 2018)....................................5

*Saavedra v. Eli Lilly & Co.*,
  2014 WL 7338930 (C.D. Cal. Dec. 18, 2014) ..........................................7, 9, 14

*Scott v. Chipotle Mexican Grill, Inc.*,
  315 F.R.D. 33 (S.D.N.Y. 2016) ...........................................................5, 24, 25

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*In re Scotts EZ Seed Litigation*,
  304 F.R.D. 397 (S.D.N.Y. 2015) ..................................................................14

*Shapiro v. Art Leather, Inc. (In re Connolly N. Am., LLC)*,
  398 B.R. 564 (Bankr. E.D. Mich. 2008) ......................................................25

*THOIP v. Walt Disney Co.*,
  690 F. Supp. 2d 218 (S.D.N.Y. 2010) ............................................................6

*Tunis Bros. v. Ford Motor Co.*,
  124 F.R.D. 95 (E.D. Pa. 1989) .....................................................................22

*United States v. Madison*,
  226 F. App'x. 535 (6th Cir. 2007) ...............................................................25

*United States v. Williams*,
  506 F.3d 151 (2d Cir. 2007) ...........................................................................5

*Universal City Studios, Inc. v. Nintendo Co.*,
  746 F.2d 112 (2d Cir. 1984) .........................................................................15

*Vista Food Exch., Inc. v. Vistar Corp.*,
  2005 WL 2371958 (E.D.N.Y. Sept. 27, 2005) .............................................12

*Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*,
  2016 WL 5956325 (E.D. Mich. Oct. 14, 2016) .......................................9, 14

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
  45 F. Supp. 3d 724 (N.D. Ohio 2014) ..........................................................24

**Other Authorities**

*Reference Manual on Scientific Evidence* 376 n.76 (3d ed. 2011) ..............................16

**Rules**

Fed. R. Evid. 403 ......................................................................................................22

Fed. R. Evid. 702 ......................................................................................................24

Fed. R. Evid. 702(b)  (d) ............................................................................................5

## MEMORANDUM OF LAW

### I.   INTRODUCTION

In support of her Motion for Class Certification, Plaintiff Suzanna Bowling proffers the declarations of two experts: J. Michael Dennis and Colin Weir. Dennis opines on two surveys he conducted: (1) a "conjoint" survey that he contends can be used to calculate classwide damages; and (2) a "consumer perceptions" survey that he contends proves materiality. Weir opined that Dennis's survey results could be used to calculate classwide damages in this case. Neither of these purported expert opinions is admissible.

Dennis's surveys are irredeemably flawed in multiple ways. His conjoint survey does not even measure the type of damages Bowling claims she suffered    putative class members' alleged overpayments for Benecol spreads that displayed an allegedly misleading "No Trans Fat" statement on the label. Equally problematic, neither survey is scientifically sound or based on a reliable methodology.[1] ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ These defects render the surveys and their results unreliable and irrelevant, and thus inadmissible.

Weir offers three opinions based entirely on the survey work that Dennis conducted. Weir's first opinion simply summarizes the conjoint survey that Dennis designed and conducted and asserts that ████████████████████████████████████████████ ████████████████████████████████████████ That testimony, which

---

[1] Plaintiff, in opposing this Motion, will no doubt argue that Dennis's conjoint survey should be accepted just as similar conjoint surveys have been accepted in several other cases. But conjoint surveys have been both accepted and excluded, depending on the circumstances. Where conjoint surveys are used to measure the market value of a peripheral feature in a complex market, as here, they yield inaccurate results and should be excluded. Exclusion is especially warranted here, where the proposed conjoint is riddled with numerous other flaws.

just parrots and vouches for the testimony of another expert, is inadmissible — it is unnecessarily cumulative, unhelpful to the trier of fact, and conclusory. Weir's second opinion, that Dennis's conjoint analysis can be used to calculate individual damages, ██████████████████ ███████████████████████████████ And Weir's third opinion, that "overpayment damages" can be calculated by engaging in basic multiplication, is unhelpful to the trier of fact and likewise an improper subject for expert testimony. Any reasonable layperson can multiply Dennis's percentage price premium by the total volume of Benecol tubs sold to determine the same purported overpayment damages that Weir is offering.

Because none of the testimony offered by Dennis and Weir is reliable or scientifically valid, they should be excluded under Rules of Evidence 403 and 702.

## II.   OVERVIEW OF CONJOINT ANALYSIS AND DENNIS'S SURVEY

████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████
█████████████████████████████████████████████
██████████████████████████████████████████

Dennis conducted two surveys in connection with his expert report: (1) a conjoint survey,

---

[2] Exhibit numbers refer to those attached to the concurrently filed Declaration of Jason A. Orr in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification.

and (2) a "consumer perceptions" survey. Dennis Decl. ¶ 16. ██████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

        ████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

III.     **LEGAL STANDARD**

As the proponent of expert testimony, Bowling bears the burden of establishing its admissibility. *See United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). Expert testimony is inadmissible unless it (i) is "based on sufficient facts or data" and is "the product of reliable principles and methods" that (ii) the expert has "reliably applied . . . to the facts of the case." Fed. R. Evid. 702(b)  (d); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). The Court must probe "whether [the expert's] reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592  93.

Expert testimony submitted in support of class certification is subject to "*Daubert*'s rigorous standards insofar as that testimony is relevant to the Rule 23 class certification analysis." *Royal Park Invs. SA v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 9087, at *10 (S.D.N.Y. Jan. 10, 2018) (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 55 (S.D.N.Y. 2016)). Plaintiffs have an obligation under *Comcast* to establish that "damages are capable of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34  38 (2013). "In determining admissibility under *Daubert*, trial judges are charged with a gate-keeping function pursuant to Rule 702 whereby they must determine (1) whether the theory or methodology underlying the testimony is reliable and (2) whether the expert's theory or methodology is relevant in that it 'fits' the facts of the case." *Astra Aktiebolag v. Andrx Pharms., Inc.*, 222 F. Supp. 2d 423, 487 (S.D.N.Y. 2002). A damages methodology is "inadmissible under *Daubert*" if it "ha[s] no discernible (and, hence, reliable) relation to the facts or theories in [the] case." *Gutierrez v. Wells Fargo & Co.*, 2010 WL 1233810, at *7  8 (N.D. Cal. Mar. 26, 2010). Moreover, "if the survey suffers from substantial methodological flaws, it will be excluded under both Rule 403 and Rule 702." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d

558, 581 (S.D.N.Y. 2007); *see also THOIP v. Walt Disney Co.*, 690 F. Supp. 2d 218, 236  40 (S.D.N.Y. 2010) (excluding survey for failing to replicate market conditions).

## IV.   ARGUMENT

### A.   Dennis's Conjoint Analysis Is Not a Reliable Method to Measure Market Value or Price Premiums for Benecol

Bowling offers Dennis's testimony purportedly to show that the damages she seeks   the "price premium," or the difference in value between what she and class members paid for Benecol products and what those products were really worth in light of the allegedly misleading "No Trans Fat" label   can reliably be measured on a classwide basis. But Dennis's conjoint survey does not provide either data point needed to calculate such overpayment damages: it calculates neither the price that class members actually paid for Benecol nor the market value of Benecol in the absence of the "No Trans Fat" label.

1.   ████████████████████████████████████████

A damages methodology is inadmissible under *Daubert* where it has "no discernable . . . relation to the facts or theories in [the] case." *Gutierrez*, 2010 WL 1233810, at *7  8. Here, Plaintiff alleges that she overpaid for Benecol based on an overpayment theory, ████████

████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████ Without actual purchase prices, it is impossible to determine whether any given class member "overpaid" for Benecol.

2. ████████████████████████████████████

Dennis's conjoint survey is also not capable of measuring Benecol's market value. As numerous courts have held, conjoint analysis, at best, measures only a consumer's hypothetical reduction in "willingness-to-pay" for a hypothetical product. It is basic economics that market prices, by contrast, reflect the interaction between consumer demand *and supply-side factors* like production numbers, sales incentives, and competitive pressures. Because Dennis's survey even if it were well designed would tell only one side of this story, it is an unreliable and inadmissible methodology for measuring classwide overpayment damages. *See Gutierrez*, 2010 WL 1233810, at *7 8; *cf. also Comcast*, 569 U.S. at 35 ("[A] model purporting to serve as evidence of damages in [a] class action must measure only those damages attributable to that theory. If the model does not even attempt to do that, it cannot possibly establish that damages are susceptible of measurement across the entire class.").

It is well settled that conjoint analyses like Dennis's evaluate a customer's willingness to pay for a feature. *See, e.g.*, *Saavedra v. Eli Lilly & Co.*, 2014 WL 7338930, at *4 (C.D. Cal. Dec. 18, 2014). But it is equally well settled that "willingness to pay" is not the same as the market price that the product would fetch because "[t]he ultimate price of a product is a combination of market demand and market supply." *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1119 (C.D. Cal. 2015) (cannot take "subjective inquiry of what an

average consumer wants" under conjoint analysis and translate it into "an objective evaluation of relative fair market values") (internal citations omitted). ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

████████████████████████████████ Because Dennis's analysis

"completely ignores the price for which [McNeil] is willing to sell its products, what other . . .

manufacturers say about their products, and the prices at which those entities are willing to sell

their products," it does not "suffice" as a measure of class damages. *In re NJOY*, 120 F. Supp. 3d

at 1120. For that reason alone, Dennis's testimony should be excluded.

Courts have repeatedly found that conjoint studies cannot be used to quantify a reduction

in market price when they do not properly account for supply-side factors. For example, a district

court recently excluded a conjoint analysis under *Daubert* because it failed to tie "consumer

value" to "the actual incremental value of the . . . features [at issue] in the real world

marketplace." *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 2016 WL 5956325, at *5  7, 19

(E.D. Mich. Oct. 14, 2016). Similarly, in *Saavedra v. Eli Lilly & Co.*, the court explained that it

"found no case holding that a consumer may recover based on consumers' willingness to pay

irrespective of what would happen in a functioning market (*i.e.*, what could be called sellers'

willingness to sell)." 2014 WL 7338930, at *5 (rejecting proposed conjoint model as "highly

flawed" because it looks only at the demand side of the equation). And in *Apple, Inc. v. Samsung

Electronics Co.*, 2014 WL 976898, at *10  11 (N.D. Cal. Mar. 6, 2014), the court rejected a

conjoint damages model because it calculated consumers' "willingness to pay" in a "vacuum,"

without relation to actual prices. *Id*. at *11. Because the survey did not take into account "the

real-world intersection of market demand and market supply," it could not be used to calculate a

price premium. *Id*. at *12. *See also In re NJOY*, 120 F. Supp. 3d at 1120.

Similarly, Dennis's proposed conjoint analysis would only consider the demand side

(what consumers may be willing to pay) and ignore the supply side of the equation (how McNeil actually would price its products and adjust quantity, and how other competitors would respond in the market). As a result, it cannot provide an appropriate basis for calculating how much any class member overpaid for Benecol. Because Dennis's methodology has no discernible relation to Bowling's damages theory, his testimony should be excluded.

      **B.**      **Dennis's Method Cannot Determine Individual Class Members' Damages**

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████ His conjoint analysis does not support Plaintiff's theory of damages and should be excluded. *Gutierrez v. Wells Fargo & Co.,* 2010 WL 1233810, at *8 (N.D. Cal. Mar. 26, 2010) (damages methodology is "inadmissible under *Daubert*" if it "ha[s] no discernible (and, hence, reliable) relation to the facts or theories in [the] case").

█████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

10

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

In short, Weir was simply wrong.

## C.    Dennis's Survey Methodology Is Defective and Unreliable

Dennis's proposed survey also fails under *Daubert* because it does not comport with generally accepted practices in survey design, conjoint or otherwise. While "courts generally hold that flaws in survey methodology go to the evidentiary weight of the survey rather than its admissibility . . . ***[t]here are limits.***" *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 452 F. Supp. 2d 772, 778 (W.D. Mich. 2006) (emphasis added). Survey evidence like Dennis's should be excluded because it is so methodologically flawed that its probative value is outweighed by the potential for unfair prejudice and confusion. *Vista Food Exch., Inc. v. Vistar Corp.*, 2005 WL 2371958, at *7 (E.D.N.Y. Sept. 27, 2005) (excluding the plaintiff's likelihood of confusion survey as "flawed to the point that its probative value is substantially outweighed by [its] potential for unfair prejudice and confusion"); *Revlon Consumer Prods. Corp. v. Jennifer Leather Broadway, Inc.*, 858 F. Supp. 1268, 1276 (S.D.N.Y.1994) (finding survey "so unreliable that it is entitled to no weight"), *aff'd* 57 F.3d 1062 (2d Cir.1995); *Exxon Corp. v. XOIL Energy Res., Inc.*, 552 F. Supp. 1008, 1021 (S.D.N.Y. 1981) (affording survey no weight where survey not "taken under market conditions" and "not conducted on a properly selected and representative sample of the population").

1. █████████████████████████████████████████████████████
████████████████████████████

Not all conjoint surveys are equal, and Dennis's methodology all but ensures an inaccurate and unreliable result because the choice tasks that respondents completed bore no resemblance to real-life purchases. ██████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████ Multiple courts have rejected conjoint as a reliable

form of analysis where it tests respondents' valuation of minor or unimportant features. *E.g.*,

*Saavedra*, 2014 WL 7338930, at *4 (infrequent discontinuation symptoms of prescription

antidepressant); *Apple, Inc.*, 2014 WL 976898, at *11 (touch screen hand gestures); *Visteon*,

2016 WL 5956325, at *5  7, 19 (menu and display options on navigation device).

Plaintiff will likely cite cases in which courts have accepted conjoint analysis, but those

cases are inapposite. For example, in *In re Scotts EZ Seed Litigation*, 304 F.R.D. 397 (S.D.N.Y.

2015), the feature tested in the conjoint was a claim on packages of grass seed that it would grow

lawns "50% thicker with half the water." *Id.* 412  15. Unlike here, that conjoint survey tested a

key purchase driver for the product at issue: its purported ability to grow thicker grass with less

water. *See also Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 551 (E.D.N.Y. 2017) (tested

feature was flushability of "flushable" moistened wipes); *Khoday v. Symantec Corp.*, 2014 WL

1281600, at *11 (D. Minn. Mar. 13, 2014) (ability to use software download insurance to

redownload software). Conjoint is not an appropriate or reliable methodology in a case such as

this one, where the survey tests the value of peripheral, less salient features. While courts have

not consistently accepted or rejected conjoint analysis, the use of a conjoint survey with these

features would yield an unreliable result.

Lastly, Dennis's misapplication of conjoint analysis also has no support in the scientific

literature. ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████████

█████████████████████████████ Dennis's brand of "made-for-litigation"

conjoint surveys is "cause for concern" because there is nothing to support the validity of his

methodology. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 294 (5th Cir.

2010); *see also Kumho*, 526 U.S. at 157 (a district court is not required to "admit opinion

evidence that is connected to . . . [the case] only by the *ipse dixit* of the expert.").

      2.     █████████████████████████

"For a survey to be valid, the persons interviewed must adequately represent the opinions

which are relevant to the litigation." *In re Fluidmaster, Inc., Water Connector Components Prod.

Liab. Litig.*, 2017 WL 1196990, at *29 (N.D. Ill. Mar. 31, 2017); *see also Jordache Enters. v.

Levi Strauss & Co.*, 841 F. Supp. 506, 518 (S.D.N.Y. 1993) (citing *Universal City Studios, Inc. v.

Nintendo Co.*, 746 F.2d 112, 118 (2d Cir. 1984)) ("To be valid, a survey must rely on responses

by potential customers of the products in question."). As the Federal Judicial Center's Reference

Manual on Scientific Evidence explains, "[i]dentification of the proper target population or

universe is recognized uniformly as a key element in the development of a survey." *Reference

Manual on Scientific Evidence* 376 n.76 (3d ed. 2011). "The definition of the relevant population

is crucial because there may be systematic differences in the responses of members of the

population and nonmembers." *Id.* at 377.

███████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

Courts have repeatedly excluded expert testimony where the expert surveyed the wrong population. For example, in *Cumberland Packing Corp. v. Monsanto Co.*, the court excluded as "unreliable" a survey that used an overbroad population. 140 F. Supp. 2d 241, 245 (E.D.N.Y. 2001). The "relevant universe" in that case was "people with a current interest in purchasing an

aspartame-based sugar substitute," but the universe of survey respondents "was over-inclusive in that it contained 'users or buyers of sugar substitutes within the past six months.'" *Id*. Similarly, in *1-800 Contacts, Inc. v. Lens.com, Inc*., 2010 WL 5186393, at *6 7 (D. Utah Dec. 15, 2010), the court excluded a survey that questioned "individuals who had purchased contacts within the prior twelve months or who intended to purchase contacts within the next twelve months," where the relevant universe was "consumers *who purchase contacts on the Internet*." *Id.* at *6 (emphasis in original). Since the survey was not limited to "those who purchased contacts on the Internet," the court concluded that the "survey universe was improper." *Id*. at *6 7.

Because Dennis surveyed the wrong population, the survey results cannot be extrapolated to the putative class. The conjoint analysis is therefore unreliable and should be excluded.

3. ███████████████████████████

There is no better evidence that Dennis's conjoint methodology is irredeemably flawed than the data and calculations in the conjoint analysis itself. ████████████

███████████████████████████████

████████████████████████████████████

███████████████████████████████

██████████████████████████████████████

████████████████████████

████████████████████████████████

███████████████████████████████

████████████████████████████████████

██████████████████████████████

███████████████████████████████

17





4.



**D.**   **Weir's Report Is Inadmissible Because It Merely Parrots and Vouches for Dennis's Opinions**

Weir's first substantive opinion    preceded by several paragraphs in which he describes conjoint generally and summarizes Dennis's declaration    states:



████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████

Indeed, Weir appears to have made only one substantive contribution to Dennis's

conjoint design: ███████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████

Weir's testimony on Dennis's conjoint study is inadmissible for at least three reasons.

***First***, Weir's opinion adds nothing to Dennis's opinion. ███████████████████████

███████████████████████████████████████████████

Courts properly exclude testimony on topics that are already the subject of another expert's testimony. *See, e.g.*, *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1258 (2d Cir. 1987) (affirming district court's exclusion of expert testimony as cumulative where at least four other witnesses testified on the same subject); *Price v. Fox Entm't Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007) (excluding expert testimony where there was "substantial overlap between the reports and there is absolutely no need for both experts to testify"); *Bouygues Telecom, S.A. v. Tekelec*, 472 F. Supp. 2d 722, 729 (E.D.N.C. 2007) (wholesale adoption of the opinion of another expert is not "within the intent of Fed. R. Evid. 702"). And where, as here, an expert does nothing more than vouch for another expert's opinion, that expert's testimony is cumulative. *See, e.g.*, *F.H. Krear & Co.*, 810 F.2d at 1258; *Hartle v. Firstenergy Generation Corp.*, 7 F. Supp. 3d 510, 525 26 (W.D. Pa. 2014) (excluding expert opinion that "vouch[ed] for another expert); *Tunis Bros. v. Ford Motor Co.*, 124 F.R.D. 95, 98 (E.D. Pa. 1989) ("Merely to have partisan experts appear to vouch for previous experts violates Fed. R. Evid. 403 and would needlessly present cumulative evidence, waste time, and mislead the jury.").

In *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 949 52 (C.D. Cal. 2015), for example, an expert vouched for another expert's proposed survey through a declaration in support of class certification. The court could not "credit her conclusory assertion that the methodology of the survey [was] reliable" because "she did not participate in designing or administering the survey." *Id.* at 951 52. This case presents a similar situation. ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████



Weir's declaration should thus be excluded. *In re ConAgra,* 90 F. Supp. 3d at 951 52 (excluding expert's "conclusory assertion that the methodology of [another expert's] survey is reliable").

Weir's testimony is independently inadmissible for this reason.

***Third***, Weir's opinion is wholly derivative of Dennis's declaration he simply vouches for and relies upon Dennis's analysis. Weir Decl. ¶¶ 24 44. Not only is such testimony inadmissible for the reasons stated above, but, as explained above, Dennis's opinions are themselves inadmissible. Because Dennis's opinions are inadmissible, Weir's endorsement of

those opinions is irrelevant and likewise inadmissible. *Assured Guar. Mun. Corp. v. Flagstar Bank*, *FSB*, 920 F. Supp. 2d 475, 486  87, 500, 504 (S.D.N.Y. 2013) (recognizing that if the opinion of a loan underwriting expert were not admissible, the opinions of two other experts, who relied on her "defective loan findings" in performing statistical sampling and damages calculations, "would be irrelevant"); *see also In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 45 F. Supp. 3d 724, 747 (N.D. Ohio 2014) (holding expert's opinions "moot" to the extent that those opinions "merely evaluate[d] the work of other experts" that the court excluded). To the extent the Court excludes Dennis's testimony, Weir's testimony must be excluded as well because permitting testifying experts to "describe" an excluded witness's opinions "would be to allow through the back door testimony that could not enter through the front door." *See, e.g.*, *Columbia Grain, Inc. v. Hinrichs Trading*, LLC, 2015 WL 6675538, at *4 5 (D. Idaho Oct. 30, 2015) ().

### E.      Weir's Sole Contribution Is Basic Multiplication, Not Expert Testimony

The only portion of Weir's report that goes beyond Dennis's testimony also fails under *Daubert*: he offers only simple math that is not the proper subject of expert testimony. Expert testimony needs to help "the trier of fact to understand the evidence or to determine a fact in issue" through the expert's "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "An expert is precluded from offering testimony that is not based on any specialized knowledge, but rather involves 'basic calculations.'" *Scott*, 315 F.R.D. at 56 (citing *Schwartz v. Fortune Magazine*, 193 F.R.D. 144, 147 (S.D.N.Y. 2011)).[4]

---

[4] *See also Cincinnatus Partners I, LP v. Farm Bureau Prop. & Cas. Ins. Co.*, 2014 WL 12748899, at *2 (S.D. Ohio May 28, 2014) ("Expert testimony is not needed where the subject matter of the testimony is a 'matter of arithmetic 'within the capacity of any reasonable lay person.''") (citing *United States v. Madison*, 226 F. App'x. 535, 543–44 (6th Cir. 2007)); *Jones Creek Investors, LLC v. Columbia Cty., Ga.*, 2013 WL 12141348, at *19 (S.D. Ga. Dec. 23, 2013) (excluding a damages expert whose opinions were "mere[ ] recitations of opinions and information held by other witnesses and the application of simple arithmetic"); *Shapiro v. Art Leather, Inc. (In re Connolly N. Am., LLC)*, 398 B.R. 564, 576–77 (Bankr. E.D. Mich. 2008) (concluding that an expert's testimony was inadmissible

As this Court has found, "analysis and extrapolation of data [that] could easily be run by plaintiffs themselves . . . is not expert analysis." *Id.* ███████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████

## V.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court exclude the opinions of Plaintiff's experts J. Michael Dennis and Colin Weir.

Date:   October 11, 2018
    Los Angeles, California

                                    Respectfully submitted,

                                    /s/ Richard B. Goetz
                                    Richard B. Goetz
                                    O'MELVENY & MYERS LLP
                                    400 South Hope Street
                                    Los Angeles, California 90071
                                    Telephone: (213) 430-6000
                                    Facsimile: (213) 430-6407
                                    E-mail: rgoetz@omm.com

---

when he "applied very simple math"—addition and division—to assumed values: "the Court could have performed those same calculations" and "[a]ny reasonably (or even minimally) educated lay person could do them")

*Counsel for Defendants Johnson & Johnson and McNeil Nutritionals, LLC*